Minute Order Form (06/97)

356

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8230 | **DATE** | 1/11/2001 |
| **CASE TITLE** | USA ex rel. Laval Scott vs. Illinois Dept. of Corrections | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Scott's motion for in forma pauperis is denied. The Authorities at Hill are ordered to remit the $5 filing fee to this District Court's Clerk's Office within the next 30 days. In summary, "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). Accordingly the Petition is dismissed summarily (id.).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 1 2 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | 5 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SN | courtroom deputy's initials | 01 JAN 11 PM 3: 17 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. LAVAL SCOTT, B-50453, )
 )
              Petitioner, )
 )
v. ) No. 00 C 8230
 )
ILLINOIS DEPARTMENT OF )
CORRECTIONS,[1] )
 )
              Respondent. )

DOCKETED
JAN 1 2 2001

## MEMORANDUM OPINION AND ORDER

Laval Scott ("Scott") has filed a self-prepared Petition for Writ of Habeas Corpus ("Petition"), for which purpose Scott has used the form furnished by this District Court's Clerk's Office for such actions and has filled in the form's various blanks with handwritten information. Although Petition Part III is sketchy in failing to identify with any degree of precision one of Scott's four claims of asserted constitutional deprivation, the other three claims (particularly when read in light of Scott's accompanying Memorandum) are readily understood. In all events, the state court opinions that are referred to later provide the necessary fleshing out of all four claims, enabling this Court to address them in accordance with Rule 4 of the Rules Governing

---

[1] Although the case caption has been filled out in this fashion by the pro se petitioner, his accompanying Memorandum of Law in Support of Habeas Corpus Petition under 28 U.S.C. §2254 ("Memorandum") properly lists Warden Mark Pierson as the respondent. This opinion's caption must of course conform to the Petition itself.

Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). For the reasons stated in this memorandum opinion and order, the Petition is dismissed summarily.

At the outset, though, a few words should be said about Scott's simultaneously submitted Application To Proceed Without Prepayment of Fees ("Application") and the attached printout of his trust fund account at Hill Correctional Center ("Hill"), where he is now in custody. That printout shows an account currently overdrawn to the tune of $2.61. But Scott may be unaware that federal habeas petitions require only a modest $5 filing fee, and his prison job provides a monthly payroll deposit more than adequate to cover that figure. Accordingly Scott's motion for in forma pauperis treatment is denied, and the authorities at Hill are ordered to remit the $5 filing fee to this District Court's Clerk's Office (indicating this 00 C 8230 case number for recordkeeping purposes) during the course of the next 30 days.

As for Scott's habeas claims themselves, he has met the threshold requirement of exhaustion of state court remedies under 28 U.S.C. §2254(b)(1)(A)[2]: After he took an unsuccessful direct appeal of his conviction to the Illinois Appellate Court for the First District (in its Case No. 1-93-4456), followed by the

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

2

denial of leave to appeal by the Illinois Supreme Court, he pursued an equally unsuccessful post-conviction petition to the Circuit Court of Cook County (the court of conviction) and thence to the same Appellate Court (in its Case No. 1-98-3409), after which the Illinois Supreme Court denied leave to appeal that effort as well. Because Scott's post-conviction proceedings were pending until the Supreme Court's December 23, 1999 denial of leave to appeal, his current Petition was filed just within the one-year time frame prescribed by Section 2244(d)(1) as coupled with the tolling provision of Section 2244(d)(2).[3]

Among the relevant items that have not been included with Scott's submission are the two unpublished orders by the Illinois Appellate Court: first its August 9, 1995 order rejecting his direct appeal ("Opinion I") and then its July 30, 1999 order upholding the dismissal of his state post-conviction petition ("Opinion II"). With the aid of those rulings, this Court has concluded that Scott clearly fails the fundamental state habeas requirement that was enacted by Congress in 1996 and has been codified as Section 2254(d):

---

[3] Although the Petition did not arrive in the Clerk's Office until December 29, 2000, Scott's papers reflect his specific awareness of what he referred to as the "filing deadline," and all of his papers show a December 21 execution date. Moreover, his in forma pauperis Application bears a "Received" stamp showing delivery to the Hill business office on December 22. It seems clear that Scott's filing was timely under the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988).

3

>       (d) An application for a writ of habeas corpus on
>   behalf of a person in custody pursuant to the judgment
>   of a State court shall not be granted with respect to
>   any claim that was adjudicated on the merits in State
>   court proceedings unless the adjudication of the
>   claim--
>
>       (1) resulted in a decision that was contrary to,
>   or involved an unreasonable application of,
>   clearly established Federal law, as determined by
>   the Supreme Court of the United States; or
>
>       (2) resulted in a decision that was based on an
>   unreasonable determination of the facts in light
>   of the evidence presented in the State court
>   proceeding.

What follows will explain the bases for this Court's decision.

Scott's first ground for relief charges that he was the victim of constitutionally ineffective representation by his trial counsel because that lawyer failed to request a jury instruction on second degree murder (Scott was convicted of first-degree murder, the jury having rejected his claim of self defense, the theory that had been pursued on his behalf by Scott's trial counsel). It should first be said that the Illinois Appellate Court was not only fully familiar with the constitutional standard for such claims established by Strickland v. Washington, 466 U.S. 668 (1984)(and by its Illinois Supreme Court counterpart) but was also meticulous in the application of that standard.

As for the substantive issue posed by Scott's first ground for relief, perhaps the most critical factor is that at the time of Scott's 1993 trial the established Illinois law was that such

4

decisions were for counsel (and not for the defendant) to make as a matter of trial tactics and strategy (People v. Ramey, 152 Ill.2d 41, 54, 604 N.E.2d 275, 281 (1992)). It was only later--in 1994, during the pendency of Scott's direct appeal--that the Illinois Supreme Court adopted the entirely different rule that the decision as to whether or not to tender an instruction on a lesser included offense belonged to the defendant himself or herself rather than to defense counsel (People v. Brocksmith, 162 Ill.2d 224, 229-30, 642 N.E.2d 1230, 1232-33 (1994)).

It would of course be absurd to hold that Scott's trial counsel had fallen below the Strickland threshold of adequate assistance because the lawyer did not have a crystal ball that would have anticipated such a fundamental change in Illinois law that did not come until the following year. Opinion II said as much at considerable length, and that surely meets the Section 2254(d)(1) test. Moreover, Opinion II at 11-12 also went on to explain carefully that the facts of Scott's case would not have warranted a second degree murder instruction in any event--and that decision meets the Section 2254(d)(2) test as well. So Scott's first contention is doubly doomed to failure.

Scott's second claimed ground for relief is totally non-specific in nature:

> Defendant Scott was denied effective assistance of counsel for counsels performance fell below an

5

>       objective standard of reasonableness and that, but for
>       this performance, there is reasonable probability that
>       the out come of the trial would have been different. A
>       violation of defendant's 6th and 14th Amend. rights of
>       the U.S. Constitution.

Nothing in Scott's submissions gives a hint of any basis for that contention. But guesswork on that score is unnecessary, for the factual descriptions of Scott's grisly crime that are set out in Opinions I and II leave no room for such an ipse dixit argument. That second contention is also rejected out of hand.

Scott's third ground for relief charges his trial counsel with constitutional ineffectiveness in failing to have investigated or to have presented evidence of the violent background of the decedent, something that Scott asserts might have corroborated his self-defense contention. But Opinion II at 12-13 explains that issue was waived as a post-conviction matter under the authority of People v. Franklin, 167 Ill.2d 1, 20-21, 656 N.E.2d 750, 758 (1995). For federal habeas relief purposes, the issue then becomes the familiar one of Scott having to meet the dual cause-and-prejudice preconditions to avoid the procedural forfeiture of that claim (Coleman v. Thompson, 501 U.S. 722, 750 (1991)), and here he plainly has not done so.

Finally, Scott targets his appellate counsel with asserted ineffectiveness for having failed to argue, either in the opening or reply brief on the direct appeal, the same proposition that serves as the basis for Scott's already-discussed first charge of

delinquency by trial counsel. But that contention involves a material misrepresentation of fact on Scott's part. Opinion II at 11 reveals that when the Brocksmith decision was filed by the Illinois Supreme Court on October 20, 1994, during the pendency of Scott's direct appeal, his appellate counsel *did* expressly bring Brocksmith to the attention of the Illinois Appellate Court in the petition for rehearing. And Opinion II at 11 goes on to say:

> This court denied the petition for rehearing after considering defendant's claim in light of the Brocksmith decision.

So this last claim by Scott is just as empty as the other three.

In summary, "it plainly appears from the face of the petition and any exhibits annexed to it[4] that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). Accordingly the Petition is dismissed summarily (*id.*).

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: January 11, 2001

---

[4] [Footnote by this Court] Though the Illinois Appellate Court opinions referred to here were not literally exhibits annexed to the Petition, this Court is of course entitled to take full account of them. Indeed, that is really required by Section 2254(d).

7